**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RANJIT SINGH,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

Nos. 06-72513 & 06-74574

Agency No. A073-399-833

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 17, 2010
San Francisco, California

Before: TASHIMA and BEA, Circuit Judges, and READE, Chief District Judge.[**]

Ranjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") orders denying his motion to reopen and motion

to reconsider.  We have jurisdiction under 8 U.S.C. § 1252.  We review the BIA's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Linda R. Reade, United States District Court Judge for
the Northern District of Iowa, sitting by designation.

denial of both motions for abuse of discretion. *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004).

Given that the standard of review is abuse of discretion, the issue in this case is whether the BIA had substantial evidence to conclude that Singh did not exercise due diligence in seeking his motion to reopen. This court finds there was substantial evidence in support of the BIA's conclusion.

The BIA did not abuse its discretion in denying Singh's motion to reopen because it was filed more than six years after the BIA's October 20, 1999 dismissal of his underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2) (stating that motion to reopen generally must be filed within 90 days of the final administrative order), and Singh failed to establish grounds for equitable tolling due to his lack of diligence. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003) (noting that equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error"). Singh did not exercise due diligence because he offers no plausible explanation as to why he did not inquire about the status of the filing of a petition for review for over five years after hiring his second attorney.

**PETITIONS FOR REVIEW DENIED.**

2